### RUFUS ESTABROOK *vs.* CATHERINE BOYLE.

The burden of proof is upon the plaintiff, who sues as indorsee of a negotiable promissory note, to show a consideration between the promisor and payee, or to show that he received it before maturity, for a valuable consideration, in good faith; and, although the note itself, with proof of its execution, is *prima facie* evidence upon both points, the burden of proof does not shift upon the defendant.

The denial by a defendant in his answer of each and every allegation in the plaintiff's declaration makes it incumbent on the plaintiff to prove the execution and indorsement of a note which he has declared on as indorsee.

Proof that the indorsee of a promissory note which is indorsed in blank, who received it from other indorsees, knew at the time of receiving it that they were and had been engaged in the illegal sale of spirituous liquors, taking notes in payment, is not sufficient to put him upon inquiry as to the consideration.

CONTRACT on a promissory note, alleged to have been signed by the defendant, payable to the order of W. G. Farnum, and by him indorsed in blank. The answer denied each and every allegation, item and particular in the declaration, and specially denied that the note, if given, was for a valuable consideration.

At the trial in the superior court, the plaintiff offered the note without proof of its execution or indorsement, and it was admitted to be read, against the defendant's objection, by *Vose, J.,* on the ground that these facts were not denied in clear and precise terms in the answer. The plaintiff thereupon rested; and the defendant offered evidence to impeach the consideration of the note, by showing that it was given for the purpose of enabling Farnum to buy spirituous liquors, and that he used it for that purpose and passed it to Banchors & Boyden, who were dealers in liquors, cigars and tobacco, and that the liquors received therefor were found to be so poor that they were afterwards returned, and that the sale of the liquors was in violation of law. In reply to this, the plaintiff offered evidence tending to show that he received the note of Banchors & Boyden before its maturity, and without notice of any defect in the consideration, as collateral security for a debt due to him from them.

The defendant contended, upon the evidence, that the plaintiff knew at the time of taking the note that Banchors & Boy-

den were and had been engaged in the illegal sale of spirituous liquors, taking notes in payment for them ; and that this, if true, was sufficient to put the plaintiff on inquiry to ascertain if this note was received for such consideration ; and that, if he did not use reasonable means to ascertain this fact, he could not recover. But the court refused so to rule ; and instructed the jury that, if the plaintiff took the note after its maturity, he took it subjec to both the defences set up ; but that on this point the burden of proof was on the defendant to prove that it was transferred after its maturity ; that the production of the note established a sufficient *prima facie* case for the plaintiff; and that, if the plaintiff received the note before its maturity, as collateral security for a debt, the burden of proof was on the defendant, to show a defect in the consideration, and notice thereof to the plaintiff.

The defendant then asked the court to instruct the jury that although the production of the note was *prima facie* evidence of consideration, yet the burden of proof did not shift; but he refused so to do.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. A. Ranney*, for the defendant.

*T. Willey*, for the plaintiff.

Hoar, J.   1. If the plaintiff took the note before it was due, for a valuable consideration, and in good faith, it was immaterial whether there was any consideration for it between the promisor and the payee. *Hilton* v. *Smith*, 5 Gray, 400. If there were a good consideration for the note between the promisor and the payee, it was immaterial whether any consideration was paid by the plaintiff for the indorsement. But each of these propositions was controverted by the defendant; and upon each the burden of proof was upon the plaintiff, unless the other was proved or admitted. The note itself, its execution by the defendant being admitted, was *prima facie* evidence upon both points ; but, so long as either was in controversy, the burden of proof upon it remained with the plaintiff, and did not shift. *Powers* v. *Russell*, 13 Pick. 76 ; *Delano* v. *Bartlett*, 6

35 *

Cush. 364, and cases there cited; *Hilton* v. *Smith, ubi supra; Morgan* v. *Morse,* 13 Gray, 150.

We should have been inclined to suppose that the judge who presided at the trial, in instructing the jury that the burden of proof was upon the defendant, only intended to state that it was incumbent upon him to introduce some evidence to counteract or control the *prima facie* case made by the production of the note; but his attention was afterwards expressly drawn to the point, by a separate and particular request for instructions upon it, and he refused to rule that the burden of proof did not shift. We therefore think there must be a new trial.

2. The denial by the defendant of each and every allegation in the plaintiff's declaration we think was sufficient to make it incumbent upon the plaintiff to prove the execution and indorsement of the note declared on. *Boston Relief & Subm. Co.* v. *Burnett, ante,* p. 410.

The other exceptions taken we do not think can be supported.

*Exceptions sustained.*